PER CURIAM.
Mary Morgan (Petitioner), the limited guardian for her elderly aunt, Ruth Turgeon, filed a petition to determine incapacity seeking to have a plenary guardian appointed. Rather than appointing an examining committee within five days pursuant to section 744.331(3)(a), Florida Statutes (1997), the trial court treated the petition as a “suggestion of further incapacity of the ward” and proceeded to appoint one physician to examine the ward within twenty days, by analogy with section 744.464, Florida Statutes (1997), which provides for the restoration of one or more rights after an interested person files a suggestion of capacity. Petitioner filed a petition for a writ of mandamus to compel the circuit court to follow the dictates of section 744.331.[1]
We grant the petition. See § 744.369(8) (additional authority may not be granted to guardian without a hearing as provided for in section 744.331); Robert P. Scheb, Guardian of the Person: Duties, Responsibilities, and Liabilities, in Florida Guardianship PRACTICE (The Florida Bar 3d ed.1998) § 14.23 (“[I]f the guardian believes that action should be taken that requires that additional rights of the ward be removed, the entire procedure to determine incapacity (see F.S. 744.331) must be repeated. F.S. 744.369(8).”). However, we withhold issuance of the writ, trusting that the circuit court judge will appoint a three-member examining committee pursuant to section 744.331 forthwith.
KLEIN, STEVENSON and GROSS, JJ., concur.

. Petitioner also sought other relief which this court has already either denied or dismissed by order, and which we believe requires no discussion.